UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES M. SHARP,<br><br>             Plaintiff,<br><br>      v.<br><br>M. BRABBS *et al.*,<br><br>             Defendants. | CAUSE NO. 3:20-CV-301-DRL-MGG |

OPINION & ORDER

James M. Sharp, a prisoner without a lawyer, filed a complaint against three prison officials. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Sharp alleges that, on February 17, 2020, he informed M. Brabbs, a caseworker at the Miami Correctional Facility (MCF), of a "hit" that had been placed on his head because he had filed a Prison Rape Elimination Act (PREA) report against another MCF staff member. Mr. Sharp was specific in his description to Caseworker Brabbs—he included names, dates, and times of the potential future attack. He asked Caseworker Brabbs to forward his concerns to Defendant Johnson, an investigator for the Department of Internal Affairs at MCF, and to place him in protective custody. Caseworker Brabbs promised that she would forward the information to Investigator Johnson, but she refused to place him in protective custody or respond to his concerns in any other way. Mr. Sharp alleges that Investigator Johnson was subsequently made aware of the threats against his life by

Caseworker Brabbs, but he failed to respond to Mr. Sharp's repeated messages and failed to take any other action.

On February 24, 2020, at around 8:00 am, Mr. Sharp's cell door was opened. According to Mr. Sharp, this happened after line movement each morning to start the day. Because he was tired, he used the intercom to ask Defendant Broomfield, a correctional officer at MCF, to close and isolate his cell door so he could continue to sleep. About ten minutes later, his door opened and several individuals entered his cell. He was beaten and knocked unconscious. He suffered severe facial trauma and remained in the infirmary for fifteen days. He alleges that Officer Broomfield was negligent in opening the door. Mr. Sharp has sued each defendant in their individual and official capacities for monetary damages.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm from other prisoners." *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008) (citing *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001)). "[T]o state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (internal quotation marks and citation omitted). "Nonetheless, the fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago*, 599 F.3d at 756 (citation omitted).

Here, although further factfinding may prove otherwise, Mr. Sharp has alleged facts from which it can be plausibly inferred that both Caseworker Brabbs and Investigator Johnson had actual knowledge of the impending attack that took place on February 24, 2020 yet did nothing to prevent it. Therefore, he may proceed against them on Eighth Amendment claims in their individual capacities.

The same cannot be said of the allegations against Officer Broomfield. Mr. Sharp doesn't plausibly allege that Officer Broomfield had prior knowledge of the attack or any awareness that Mr. Sharp was in danger. Although he alleges that Officer Broomfield failed to follow the Warden's policy of keeping cell doors either all the way open or shut and that he negligently opened the door by which the other offenders to attack him, these allegations do not state a claim. *See McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."); *see also Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

Finally, Mr. Sharp names each defendant in his or her official capacity. However, "a suit against a[n] official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted). The Eleventh Amendment precludes monetary claims against a State and its agencies. *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987). Therefore, the official capacity claims against the defendants must be dismissed.

For these reasons, the court:

(1) DENIES the motion for court's response (ECF 6) as moot;

(2) GRANTS James M. Sharp leave to proceed against Caseworker M. Brabbs and Investigator Johnson in their individual capacities for compensatory and punitive damages for allegedly failing to

protect him from attack by other inmates on February 24, 2020, in violation of the Eighth Amendment;

(3) DISMISSES Officer Broomfield;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request a Waiver of Service from (and, if necessary, the United States Marshals Service to serve process on) M. Brabbs and Investigator Johnson at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if they have such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), M. Brabbs and Investigator Johnson to respond to the complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which James M. Sharp has been granted leave to proceed in this screening order.

SO ORDERED.

July 7, 2020         *s/ Damon R. Leichty*
                     Judge, United States District Court