UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES M. SHARP,

    Plaintiff,

v.                                                                                          CAUSE NO. 3:20-CV-301 DRL-MGG

M. BRABBS *et al.*,

    Defendants.

## OPINION AND ORDER

James M. Sharp, a prisoner without a lawyer, is proceeding in this case on one claim against two defendants: "Caseworker M. Brabbs and Investigator Johnson in their individual capacities for compensatory and punitive damages for allegedly failing to protect him from attack by other inmates on February 24, 2020, in violation of the Eighth Amendment[.]" ECF 7 at 3-4. The defendants moved for summary judgment, arguing Mr. Sharp did not exhaust his administrative remedies before filing suit. ECF 29. Mr. Sharp filed a response, and the defendants filed a reply. ECF 44, 46. The summary judgment motion is now fully briefed and ripe for ruling.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to

exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). "[A] remedy is not 'available' within the meaning of the Prison Litigation Reform Act to a person physically unable to pursue it." *Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*,

2

573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

The grievance history shows Mr. Sharp filed a formal grievance about the conduct in his complaint on March 17, 2020, which was returned as untimely because it was filed more than 10 days after February 24, 2020. ECF 29-4, ECF 29-5. Mr. Sharp concedes the prison had a grievance system, his claims were grievable, and he did not timely file a grievance. Rather, Mr. Sharp argues he was unable to submit a timely grievance because he was assaulted on February 24, 2020, and placed in the infirmary for 15 days, where he had no access to pens, paper, and other materials to file a grievance. ECF 44 at 4. The defendants do not dispute that Mr. Sharp was in the infirmary and unable to submit a grievance for 15 days. ECF 46. Instead, the defendants respond that Mr. Sharp's grievance was properly rejected as untimely because he did not follow the grievance policy's protocol to request a time limit extension. *Id.* at 2-4; ECF 30 at 9-10. Thus, the only dispute remaining between the parties is whether Mr. Sharp properly followed the grievance policy's protocol to request a time limit extension.

The grievance process allows for an offender to request a time limit extension to submit a late grievance if certain requirements are met:

XIV. <u>TIME LIMIT EXTENSIONS:</u>

    A. For an offender:

An offender who does not follow the established time limits in this procedure may have his/her grievance or appeal denied for failure to comply to the time frames unless he or she is able to show good cause. If there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time

3

> frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review. The Warden/designee shall approve or deny such offender delay requests.

ECF 29-2 at 13.

The defendants argue Mr. Sharp did not follow the grievance policy's protocol to request a time limit extension because he did not submit separate, signed documentation of the circumstances that caused his untimely submission. ECF 30 at 9-10. Mr. Sharp responds that he did submit signed documentation of the circumstances of his untimely filing, as he submitted informal grievances and request for interview slips to the grievance office explaining the reason for his untimely filing. ECF 44 at 8. Mr. Sharp submits five documents in support of his claim: (1) an informal grievance dated March 11, 2020, addressed to Caseworker Brabbs; (2) an informal grievance dated March 11, 2020, addressed to Investigator Johnson; (3) a request for interview slip dated March 17, 2020, informing the Grievance Specialist that Mr. Sharp's formal grievance was late because he had been in the infirmary for 15 days without access to paper, pen, or materials; (4) a request for interview slip dated March 19, 2020, asking that the grievance office reconsider the rejection of Mr. Sharp's formal grievance because he had a valid excuse for his untimely filing; and (5) a request for interview slip dated March 25, 2020, asserting that Mr. Sharp had not received responses to his prior request for interview slips. ECF 44-1. Mr. Sharp asserts the Grievance Specialist never responded to any of his requests for interview. ECF 44 at 8.

The defendants respond that Mr. Sharp's argument fails for two reasons. ECF 46 at 3. First, they argue "there is no evidence" the grievance office received or considered the "informal grievances" submitted by Mr. Sharp. *Id*. The defendants submit an affidavit from Shawna Morson, the prison's Grievance Specialist, who attests that she retains copies of all "informal grievances and request for interview slips" she receives and she "failed to locate any informal grievances received from Offender Sharp in March or April of 2020." ECF 46-1 at 2. However, Mr. Sharp has submitted copies of two informal grievances and three requests for interview slips he claims were submitted to the grievance office, which are presumed to be official records. Moreover, Ms. Morson asserts only that she could not locate any informal grievances submitted by Mr. Sharp and does not address whether she received Mr. Sharp's request for interview slips. Thus, a genuine issue of fact exists regarding whether Mr. Sharp submitted valid documentation to the grievance office explaining the cause of his late filing and requesting a time limit extension to file a late grievance.

Second, the defendants argue that, even if Mr. Sharp did submit the documentation to the grievance office requesting a time limit extension, "there is no guarantee that he would have been granted a time limit extension." ECF 46 at 3. But the record indicates the prison made the grievance process unavailable to Mr. Sharp by not even considering his requests for a time limit extension.

Based on the foregoing, the defendants have not carried their burden of proving Mr. Sharp did not exhaust his administrative remedies, as a genuine issue exists regarding whether the remedies were available to Mr. Sharp. *See King*, 781 F.3d at 893;

*Woodford*, 548 U.S. at 102. Specifically, a genuine issue exists regarding whether Mr. Sharp submitted a valid document to the grievance office requesting a time limit extension to file a late grievance. Resolving this issue will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). However, the court will not schedule such a hearing unless one of the defendants file a motion requesting it.

For these reasons, the motion for summary judgment (ECF 29) is **DENIED**. The defendants are **CAUTIONED** that if a *Pavey* hearing is not requested by **August 6, 2021**, the affirmative defense of exhaustion of administrative remedies will be waived.

SO ORDERED.

July 8, 2021

*s/ Damon R. Leichty*
Judge, United States District Court